In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00262-CR

_____

THOMAS LEON KINDLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 25171

MEMORANDUM OPINION

Following a jury trial, Appellant Thomas Leon Kindle was convicted of one count of sexual assault of a child and one count of indecency with a child by contact, both second degree felonies.[1] *See* Tex. Code Crim. Proc. Ann. §§ 22.011; 21.11. The

_____

[1]Originally, the State charged Kindle with continuous sexual assault of a child but abandoned the language in the indictment necessary for continuous sexual assault of a child.

1

jury assessed his punishment at twenty years incarceration for each count, and the trial court ordered the sentences to run concurrently.

Kindle's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concludes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 16, 2025, after Kindle's counsel filed his brief, we granted an extension of time for Kindle to file a pro se brief. Kindle did not file a pro se brief in response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief, an appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id*.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, and counsel's brief, and we have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827-28. Therefore, we

2

find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf.*

*Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial

court's judgment.[2]

      AFFIRMED.

KENT CHAMBERS
Justice

Submitted on May 30, 2025
Opinion Delivered June 4, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[2]Kindle may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.